IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MELLACONIC IP LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Civil Action No. 6:20-cv-785<br><br>Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mellaconic IP LLC ("Mellaconic" or "Plaintiff") files this Original Complaint against Defendant Uber Technologies, Inc. ("Uber" or "Defendant") for infringement of U.S. Patent No. 9,986,435 (the "'435 patent"). The '435 patent is referred to herein as the "patent-in-suit."

**THE PARTIES**

1. Plaintiff is a Texas limited liability company having an address at 6009 W Parker Road, Ste 1027, Plano, Texas 75093.

2. Defendant Uber Technologies, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 1455 Market Street, 4th Floor, San Francisco, CA 94103. Defendant is registered to conduct business in Texas.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has general personal jurisdiction over Defendant because Defendant is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Defendant because Defendant has committed acts of infringement giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Defendant in this Court would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement of Mellaconic's rights in the patent-in-suit in this district by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the patent-in-suit. Defendant has (1) operated the Internet website, https://www.uber.com/, and provided mobile applications (the "Uber app" and "Uber Driver app"), which are available to and accessed by ridesharing users, customers, and potential customers of the Defendant, both riders and drivers, within this judicial district; (2) operated within the judicial district, with ridesharing offered to users, drivers, customers, and potential customers of Defendant in locations including Austin, El Paso, San Antonio, and Waco; (3) actively advertised to employ (and in fact hired) residents within the District as drivers; (4) transacted business within this judicial district and elsewhere in Texas; (5) infringed, actively infringed and/or induced infringement of Mellaconic's patent rights in this judicial district and elsewhere in Texas; (6) established regular and systematic business contacts within the State of Texas; and (7) continued to conduct such business in Texas through the continued operation within the district. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas, and upon information and belief, Defendant has transacted business in this district and has committed acts of infringement of Mellaconic's patent rights in this district by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the patent-in-suit. Defendant has regular and established places of business in this district, including a "Uber Greenlight Hub" location at 121 Interpark Blvd. #501, San Antonio, TX 78216.

## THE PATENT-IN-SUIT

7.     The '435 patent is titled "Autonomous, Non-Interactive, Context-Based Services for Cellular Phone." A copy of the '435 patent is attached hereto as Exhibit A. The inventions claimed by the '435 patent generally relate to new and novel systems and methods for providing context-based services or applications on a cellular telephone.

8.     The '435 patent lawfully issued on May 29, 2018, and stems from U.S. Patent Application No. 14/885,515 filed on October 16, 2015. U.S. Patent Application No. 14/885,515 is a continuation of U.S. Patent Application 14/293,376, filed on June 2, 2014, now U.S. Patent No. 9,177,311, which is a continuation of U.S. Patent Application No. 13/941,853, filed on July 15, 2013, now U.S. Patent No. 8,744,429, which is a continuation of U.S. Patent Application No. 12/415,027, filed on March 31, 2009, now U.S. Patent No. 8,532,642.

9.     The named inventors on the patent-in-suit are Miodrag Potkonjak and Nathan Beckmann.

10.    Each claim of the patent-in-suit is presumed valid and directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I
### (Infringement of U.S. Patent No. 9,986,435)

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

13. Plaintiff is the owner of the '435 patent with all substantial rights to the '435 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

14. The '435 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendant has, and continues to, infringe one or more claims of the '435 patent in this judicial district and elsewhere in Texas and the United States.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

16. Defendant has directly infringed, and continues to directly infringe, either by itself or via an agent, at least claim 21 of the '435 patent by, among other things, making, supporting, and/or operating the systems that support Uber apps (the "Accused Systems").

17. For example, as described in paragraphs 18-22 (below), the Accused Systems perform the method of claim 21 at least when Uber notifies an Uber driver of a ride request.

18. The Accused Systems receive, by a first device located at a first location (e.g., an Uber server), one or more messages that indicate location information of a second device located at a second location (e.g., a mobile device with Uber app). As evidenced below, a device enabled with the Uber app sends location information to an Uber server which uses the location information to identify a ride/vehicle.



https://www.youtube.com/watch?v=10eiFrRqWlI

      19.     The Accused Systems also receive, at a first device (e.g., an Uber server), one or more messages that include a request for a first action (e.g., notifying an Uber driver's mobile

device of a ride request) to be performed by the first device (e.g., Uber server), wherein the request is related to the location information of the second device (e.g., location of mobile device requesting ride). As evidenced below, a device enabled with the Uber app sends a request to an Uber server to alert an Uber driver (via the Uber Driver app on the driver's device) that a ride has been requested.




https://apps.apple.com/us/app/uber-request-a-ride/id368677368

6



https://www.youtube.com/watch?v=10eiFrRqWlI

20. The one or more messages (e.g., a ride request message from a mobile device enabled with Uber app, messages with location updates from a mobile device enabled with Uber app) are received from the second device (e.g., mobile device enabled with Uber app).

21. The location information of a second device (e.g., location of mobile device enabled with Uber app requesting ride) acts as authentication to allow the first action (e.g., notifying an Uber driver's mobile device of a ride request) to be performed by the first device (e.g., Uber server). The location information of the second device (e.g., location of mobile device requesting ride) acts as authentication to allow the first action (e.g., notifying an Uber driver's mobile device of a ride request) because it permits the first device (e.g., Uber server) to perform the first action (e.g., notifying an Uber driver's mobile device of a ride request).

22. The Accused Systems perform, based at least on the received one or more messages (e.g., a ride request message from a mobile device enabled with Uber app, messages with location updates from a mobile device enabled with Uber app), by the first device (e.g., Uber server), the authenticated first action (e.g., notifying an Uber driver's mobile device of a ride request based on location information) that is related to controlling a third device (e.g., causing an Uber driver's mobile device enabled with the Uber Driver app to display a ride request interface). As evidenced below, when a nearby device requests a ride using the Uber app, an Uber driver's mobile device receives a notification that causes it to display a ride request via the Uber Driver app.



https://www.youtube.com/watch?v=10eiFrRqWlI

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

23. Defendant has, and continues to, indirectly infringe one or more claims of the '435 patent by inducing direct infringement by end users of Uber apps (the "Accused Products").

24. For example, Defendant has induced direct infringement of the '435 patent by users of the Uber Driver app. As described in paragraphs 25-27 (below), an Uber driver's mobile device with the Uber Driver app performs the method of claim 8 at least when an Uber driver receives a ride request via the Uber Driver app.

25. An Uber driver's mobile device with the Uber Driver app (a first device located at a first geographical location) receives geographical location information of a second device located at a second geographical location (e.g., a mobile device with the Uber app that has requested a ride) and a request for a first action to be performed (e.g., a message indicating a driver should be alerted of a drive request). As evidenced below, when an Uber rider requests a ride, a device running the Uber Driver app receives one or more messages that include location information for the rider's mobile device and information indicating a ride request interface should be presented.



https://www.youtube.com/watch?v=10eiFrRqWlI

26. The geographical location information of the second device (e.g., mobile device with the Uber app) acts as authentication to allow the first action to be performed. The location information of the second device (e.g., location of mobile device requesting ride) acts as authentication to allow the first action (e.g., alerting an Uber driver of a ride request) because the first action (e.g., alerting a driver of a ride request) is permitted based on the location of the second device.

27. An Uber driver's mobile device with the Uber Driver app performs, based on the request (e.g., ride request), the authenticated first action (e.g., alerting the driver of a ride request) by performing an autonomous download of data (e.g., map/navigation data). As discussed above, the first action is authenticated in accordance with the geographical location information of the second device because the first action (e.g., alerting a driver of a ride request) is permitted based

on the location of the second device. As evidenced below, the Uber Driver app alerts a driver of a ride request by automatically downloading map and navigation data that is presented to the driver via a ride request interface.



https://www.youtube.com/watch?v=10eiFrRqWlI

28. Defendant has had knowledge of the '435 patent and its infringements at least based on this complaint.

29. On information and belief, despite having knowledge of the '435 patent, Defendant has specifically intended for persons who acquire and use the Accused Products to do so in a way that infringes the '435 patent, including at least claim 8 (as described above), and Defendant knew or should have known that its actions were inducing infringement.

30. Defendant instructs and encourages users to use the Accused Products in a manner that results in infringement of the '435 patent. For example, Defendant provides the Accused

11

Products to end users with code that when executed by mobile devices running the Accused Products causes the mobile devices to infringe (*e.g.,* as described above). Defendant also provides online support materials that encourage end users (e.g., Uber drivers) to use the Accused Products in an infringing manner. *See, e.g.,* https://help.uber.com/driving-and-delivering/article/getting-a-trip-request?nodeId=e7228ac8-7c7f-4ad6-b120-086d39f2c94c.

31. Defendant is liable for its infringements of the '435 patent pursuant to 35 U.S.C. § 271.

32. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Plaintiff has satisfied the requirements of 35 U.S.C. § 287 and is entitled to recover damages for infringement occurring prior to the filing of this lawsuit.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '435 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing,

      post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d.     That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.     Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

f.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 27, 2020

Respectfully submitted,

/s/ *Ryan Griffin*
Ryan Griffin
Texas Bar No. 24053687

**GRIFFIN LAW PLLC**
312 W 8th Street
Dallas, TX 75208
Tel: (214) 500-1797
ryan@griffiniplaw.com

Attorneys for Plaintiff
**MELLACONIC IP LLC**